# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

In re:

FURQAN MOHAMMAD,
Debtor.

Case No. 18-10785-KHK

Chapter 11

## MEMORANDUM OPINION

The issue before the Court is whether to approve the Amended Disclosure Statement filed by Furqan Mohammad ("Debtor"), on November 13, 2018. The U. S. Trustee and Select Portfolio Servicing Inc., as servicing agent for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation ("U.S. Bank") filed objections to the amended statement. A hearing on the matter was held on December 11, 2018. After reviewing the relevant Court dockets, the pleadings filed in this case and arguments of Counsel and the Debtor, the Court makes the following Findings of Fact and Conclusions of Law sustaining the objections to the Amended Disclosure Statement.

## Findings of Fact

The Debtor and Azra Yasmin, his wife, executed a promissory note dated July 10, 2006 in the original amount of $911,000.00. The note was secured by the lien of a first priority deed of trust of the same date encumbering real property designated as 7183 Evans Court, Warrenton, Virginia 20187 ("the Property"). Title to the property is vested in Furqan Mohammed, Azra Yasmin and Hasan Norman.[1] Case No. 18-10785, Docket No. 29 (Motion for Relief) Part 2 (Loan Documents) at 1-2 and 49.

---

[1] Hassan Norman is the Debtor's son. *Id*. at Docket 32 at 5.

The Debtor and Azra Yasmin filed Case No. 10-19040 requesting relief under Chapter 13 of the Bankruptcy Code on October 26, 2010. Case No 10-19040 at Docket No. 1("Petition"). While the case was pending, U.S. Bank filed a motion for relief from the stay alleging that the post-petition arrears were $158,085.16I from January 2012. *Id*. at Docket Nos. 55 and 63. Relief from the stay was granted to U.S. Bank to exercise its rights against the Debtor's principal residence located at 7183 Evan Court, Warrenton, Virginia ("the Property") on August 15, 2014. *Id*. at Docket No. 65. On January 23, 2015, the U.S. District Court entered an order affirming the order granting relief from the stay and on June 22, 2015, the U. S. Court of Appeals for the Fourth Circuit affirmed the District Court's holding. *Id*. at Docket Nos. 97 and 101. The debtors were discharged on February 24, 2016 and the case was closed.

The Debtor filed a voluntary petition *pro se*, requesting relief under Chapter 13 of the Code on September 27, 2016. Case No 16-13258 at Docket No. 1("Petition"). The Debtor's plan proposed to pay $717.75 per month for 60 months for a total of $43,065.00. U.S. Bank objected to the plan alleging it failed to pay pre-petition mortgage arrears in excess of $300,000. *Id*. at Docket 21. The Trustee filed a motion to dismiss the case for material default alleging the debtor had made only one plan payment in five months. The motion was subsequently amended to note that the Debtor was not eligible to be a debtor in Chapter 13 because his debts exceeded the limits described in 11 U.S.C. §109(e). *Id*. at Docket Nos. 22 and 25. At the hearing on the Trustee's motion, the debtor admitted not making his plan payments, so the Court granted the Trustee's motion to dismiss the case making the Bank's objection to the plan moot. *Id*. at Docket No. 35. The U.S. District Court affirmed the Court's dismissal of the case and the case closed on August 23, 2017. *Id*. at Docket No. 50.

The Debtor *pro se,* filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 7, 2018. Case No. 18-10785, Docket No. 1(the "Petition"). On May 10, 2018, U.S. Bank filed a motion for relief from the automatic stay on the Debtor's property. *Id*. at Docket No. 29. The motion alleged that the pre-petition arrears were $363,270.44, and that the case filing stayed a foreclosure scheduled for March 8, 2018. The motion also alleged the Debtor's previous bankruptcy was commenced two days before a scheduled foreclosure on the Debtor's residence and that the successive bankruptcy petitions were part of a scheme to delay, hinder or defraud the creditor in its attempts to foreclose on the property. In addition to relief from the stay, the creditor requested the imposition of an equitable servitude to prevent a stay in any future bankruptcy proceedings from affecting the property for a period of two years. *Id.*

In his response to the motion for relief, the Debtor challenge the standing of U.S. Bank to file the pleading and allege that Hassan Norman was not a legal title holder to the property because he did not sign the Deed of Trust and that Mr. Norman's signature on the Deed of Trust was forged by U.S. Bank or its agents. The Debtor also alleged that the promissory note referenced above was unsecured due to Rescission and therefore, the Deed of Trust securing the promissory note was void under the Truth in Lending Act. *Id*. at Docket No. 32.

The Debtor failed to appear at the hearing on the motion for relief held on June 13, 2018. The Court, after reviewing the previous case filings, the pleadings in this case and the argument of counsel for U.S. Bank, found that the instant case was filed in bad faith based on the six-year default period and the Debtor's two latest bankruptcy petitions filed shortly before scheduled foreclosure sales. The Court entered an Order granting the motion for relief that included an equitable servitude on the property for a period of two years from the date of the entry of the

Order. *Id*. at Docket 45.   Mr. Mohammad appealed this Court's order, and on January 28, 2019, the United States District Court affirmed the Bankruptcy Court's ruling.

On September 21, 2018, the Debtor filed his first disclosure statement and proposed plan. The U.S. Trustee objected to the disclosure statement alleging that the Debtor failed to provide adequate information to creditors pursuant to 11 U.S.C. § 1125(a)(1). (Docket No. 73 "Objection to Disclosure Statement").  Specifically, the trustee contended the disclosure statement failed to mention the Court's finding of bad faith, the grant of *in rem* relief from the stay to U.S. Bank, the Debtor's appeal of that order granting relief and the fact that the Debtor was in default on his mortgage payments.[2] (Disclosure Statement, Docket No. 70 page 27).

At the hearing on approval of the disclosure statement held on October 23, 2018, the U.S. Trustee noted that the Debtor failed to define and state his projected disposable income, and failed to disclose his prior bankruptcy filings in the statement.   The Court instructed the Debtor to file an amended disclosure statement by November 13, 2018 and set a hearing for approval of the amended statement. *Id*. at Docket No. 76.

In his Amended Disclosure Statement, the Debtor proposed to make regular monthly mortgages payments of $4,626.62 and a monthly payment on arrearages of $1,927.76 to Chase Mortgage Finance Corporation. *Id*. at Docket No. 78.  The Debtor also proposed to "continue to market" the property with a licensed real estate broker, and if not sold with two years, the Debtor proposed to auction the property.[3]   The U.S. Trustee objected to the Amended Disclosure Statement pursuant to 11 U.S.C. § 1125(a) (1) because the Debtor failed to disclose the Court's

---

[2] The Disclosure Statement provides contradictory treatment for the secured claims on the Debtor's residence. Article III, Section 3.5 indicates that the loan is current and shall be paid in accordance with the terms of the contract; however, Part 1, Treatment of Secured Creditors Sections b-f provides for payment of estimated arrears of $346,990.60 through the plan.  *Id* at 7, 13-18.

[3] Although the Amended Disclosure Statement implies the Debtor's intent to continue to market the property, no evidence was presented to show he has ever tried to sell the property.

finding that the Debtor's case was filed in bad faith and because he failed to provide adequate information about his prior bankruptcies in the Statement. *Id*. at Docket No. 81, p. 2.

An Affidavit of Contribution was filed simultaneously with the Amended Disclosure Statement and Plan. The Affidavit affirms that Hassan Norman is a legal title owner of the property and that the Debtor's wife would contribute $2,500.00 a month and his four sons would each contribute $1,250.00 a month to the plan. *Id*. at Docket No. 80. The Trustee also objected to the feasibility of the proposed Plan because the Affidavit of Contribution contained no information about the Debtor's family members' current incomes, expenses and liabilities that might take precedence over their proposed contributions to the plan. *Id.* at 3-4.

U.S. Bank objected to the amended statement on feasibility grounds because the Debtor proposed to pay arrearages in an amount that was less than the amount listed in the allowed claim. *Id*. at Docket No. 82, p. 3. The Bank also stated that the Debtor's allegations regarding U.S. Bank's ability to enforce its Note and Deed of Trust ignore well established law regarding the transfer of a note and enforcement of the related deed of trust by the noteholder. *Id*. at Docket 82.

The Court held a hearing on the Amended Disclosure Statement on December 11, 2018 and the Debtor attended the hearing. None of the Debtor's family members referred to in the Affidavit of Contribution attended to give evidence of their ability to help fund the plan. *Id*. at Docket 89 ("Transcript of Hearing Held on 12/11/2018" at 6). The U.S. Trustee argued that the Debtor had made no post-petition mortgage payments and that he had $4,220.42 in the Debtor-In-Possession Account after approximately eight months in bankruptcy. *Id*. at 4. U.S. Bank argued that the Debtor's proposal to pay the creditor $2,000 per month towards an arrearage of $420,000 would result in an unreasonably long repayment period.

Mr. Mohammad testified he had not made a mortgage payment since 2012 because he was in a dispute with his mortgage company and that he did not know the amount of the arrears, but affirmed his intention to pay off the arrears through the Plan. Id. at 7. The Debtor failed to present any evidence to show that his wife and sons are financially capable of making the proposed contributions contained in the Affidavit of Contribution for the duration of the Plan. The Court denied approval of the amended statement, and dismissed the case finding that the Debtor was not capable of proposing a feasible plan.

## Conclusions of Law

The U.S. Trustee has objected to the Amended Disclosure Statement pursuant to 11 U.S.C. § 1125 (a) as deficient for several reasons. First, the Debtor has failed to provide adequate information to creditors that would allow them to make informed decisions about whether to vote in favor of a plan. Second, the Statement fails to disclose the Debtor's prior bankruptcy cases. Third, the Statement fails to disclose a prior finding of bad faith in this case and that U.S. Bank has been granted *in rem* relief from the automatic stay. Fourth, the Debtor has failed to show that the plan is feasible. U.S. Bank has also objected to the Disclosure Statement because it provides for contradictory treatments of its claim and because it proposes to pay the Bank's arrearage claim over an unreasonably long period. These objections will be addressed in turn.

Bankruptcy courts and creditors rely on a debtor's disclosure statement in determining whether to vote for or approve a proposed plan of reorganization. *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3rd Cir. 1996), *Nelson v. Dalkon Shield Claimants Trust (In re A.H. Robins Co., Inc.)*, 216 B.R. 175, 180 (Bankr. E.D.Va. 1997), aff'd without opinion 163 F.3d 598 (4th Cir. 1998).

11 U.S.C. § 1125(b) requires that before solicitation of approval or disagreement of a plan of reorganization the disclosure statement must contain "adequate information" and be approved by the court. 11 U.S.C. § 1125(a)(1) defines "adequate information" as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan."

The determination of whether a disclosure statement has adequate information is made on a case by case basis and is largely within the discretion of the bankruptcy court. *In the Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir.1988), cert. denied, 488 U.S. 926, 109 (1988); *In re A.H. Robins Co., Inc.*, 880 F.2d 694, 696 (4th Cir. 1989).

Mr. Mohammad has filed two bankruptcy petitions prior to the instant case. His first petition was filed jointly with his wife in 2010. In that case the Debtors proposed to pay $32,000 in mortgage arrears on his residence and a 2% dividend to his unsecured creditors. While the case was pending, U.S. Bank was granted relief from the automatic stay. The Order granting relief was affirmed by the U.S. District Court and by the Fourth Circuit Court of Appeals. Mr. Mohammad also opposed his attorney's application for attorney's fees, but the Court approved the fees over his objections.

Six months after the first bankruptcy closed, and two days prior to a scheduled foreclosure sale of his residence, Mr. Mohammad filed his second chapter 13 petition *pro se*. The Debtor's plan proposed his sons would contribute $4,500 per month to the plan; however, the Debtor fell behind on his payments to the trustee before the plan could be confirmed. The Court granted the chapter 13 trustee's motion to dismiss and the Debtor continued to enjoy the

protection of the automatic stay while the case remained open an additional five months pending his appeal of the dismissal. The case was closed following the entry of the District Court's Order affirming this Court's ruling dismissing the case.

The proponent of the plan has the burden of demonstrating by at least a preponderance of the evidence that the plan satisfies all of the requirements of section 1129(a)(1) through (13) inclusive, except section 1129(a)(8). *In re Rusty Jones, Inc.*, 110 B.R. 362, 373 (Bankr.N.D.Ill.1990); see also *Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters. Ltd., II* (*In re Briscoe Enters., Ltd., II*), 994 F.2d 1160 (5th Cir.1993), cert. denied, 510 U.S. 992, 114 S.Ct. 550, 126 L.Ed.2d 451 (1993)("The proponent of a proposed plan bears the burden of proving essential elements of confirmation by a preponderance of the evidence.").

In making a feasibility analysis, the court must "scrutinize a debtor's proposed plan payments in light of projected income and expenses in order to determine whether it is likely the debtor will be able to make the payments required by the plan." *In re Howard*, 212 B.R.864, 879–80 (E.D. Tenn. 1997).

The purpose of the feasibility test is " 'to prevent confirmation of visionary schemes which promise creditors and equity holders more under a proposed plan than the debtor can possibly attain after confirmation.' ... [W]here the financial realities do not support the proposed plan's projections or where proposed assumptions are unreasonable, confirmation of the plan should be denied." *In re Investors Fla. Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 765 (Bankr.N.D.Fla.1994) (quoting *In re Lakeside Global II, Ltd.*, 116 B.R. 499, 507 (Bankr.S.D.Tex.1989)); see *In re Prudential Energy Co.*, 58 B.R. 857, 862 (Bankr.S.D.N.Y.1986) (a plan based on impractical or visionary expectations cannot be confirmed). "Sincerity, honesty, and willingness are not sufficient to make the plan feasible, and

neither are any visionary promises...." *Chase Manhattan Mortg. & Realty Trust v. Bergman* (*In re Bergman*), 585 F.2d 1171, 1179 (2d Cir.1978).

The instant chapter 11 petition was filed one day prior to a scheduled foreclosure sale. When the Court granted U.S. Bank *in rem* relief from the stay, it declined to exercise its authority to dismiss the case in order to give Mr. Mohammad one last opportunity to propose a plan of reorganization. He was put on notice in the pleadings filed by the U.S. Trustee and U.S. Bank and at the hearing on his first Disclosure Statement that he needed to include information regarding his prior bankruptcies in an amended Statement; however, he chose not to do so. In short, his Amended Disclosure Statement contained the same deficiencies as the previous disclosure statement. Under these circumstances, the Court has no reason to believe that a second amended disclosure statement would be proposed.

Mr. Mohammad knew that he was responsible for showing how he could afford to pay for his plan. His attempt to meet that responsibility by filing the Affidavit of Contribution has fallen short. The Affidavit alone is insufficient evidence of the Debtor's ability to fund a feasible plan. No supporting documents were attached to the document to indicate the source of the funds of the family members and their expenses and liabilities that would take precedence over their proposed contributions. The Monthly Operating Reports filed by Mr. Mohammad in this case do not show a history of income contributions from his family members comparable to the contributions they propose to pay into the plan. None of the Debtor's family members appeared in this Court to testify to their ability to provide the Debtor with the income necessary to fund his plan.

The Debtor has established a history of proposing plans that are only feasible with substantial financial contributions of family members; however, there is no evidence before the

Court to demonstrate that the proposed contributions are sufficiently stable and regular to support a plan or that they would be likely to continue for the duration of a plan.

U.S. Bank's objection to the Debtor's treatment of its claim is well founded. First, the Debtor proposes to cure the arrearages in the amount of $346,996.50 through the plan even though the stated arrears according to the Bank's allowed claim is $418,975.95. This alone makes the plan not feasible. Second, the Disclosure Statement describes a plan that would allow curing the mortgage deficiency over a period of no less than 179 months. The Court finds the length of time to cure is unreasonable and its proposal demonstrates an abuse of the bankruptcy process. The plan under review is nothing more than a visionary scheme unsupported by evidence of financial viability. Thus, the debtor has failed to carry his burden of demonstrating by a preponderance of the evidence, that he can propose a feasible plan

A court may deny approval of a disclosure statement, even if it is not by itself deficient, if a debtor's plan has no hope of being confirmed. *In re Bermuda Bay, LLC*, Nos. 09–32133 and 09–32130, 2009 WL 5218071, at *3 (Bankr.E.D.Va. Dec.31, 2009) (quoting *In re CRIIMI MAE, Inc.*, 251 B.R. 796, 799 (Bankr.D.Md.2000)). In this case, the Court finds there is no hope that the debtor will or can propose a feasible plan; therefore, approval of the Amended Disclosure Statement will be denied.

Section 1112(b) of the Bankruptcy Code permits a bankruptcy court to convert or dismiss a case for "cause". That statute enumerates nine examples of cause; however, that list is not absolute. Legislative history states, "The court will be able to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases." House Report No. 95-595, 95th Cong. 1st Sess. (1977), U.S. Code Cong. & Admin. News 1978, p. 5787.

The Code also provides bankruptcy courts with an expansive equity power to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A court may "take any action, even on its own initiative, 'to prevent an abuse of process.'" *In re Kestell*, 99 F.3d 146, 149 (4th Cir.1996) (quoting 11 U.S.C. § 105(a)).

11 U.S.C. § 105 also grants judges the authority to dismiss a bankruptcy petition *sua sponte* for lack of good faith, or for one of the "causes" enumerated in 11 U.S.C. § 1112. *In re Van Owen Car Wash, Inc.*, 82 B.R. 671, 674 (Bankr.C.D.Ca.1988); *In re Finney*, 992 F.2d 43, 44 (4th Cir.1993); *In re Erchak*, 152 B.R. 68 (Bankr.N.D.W.Va.1993). This Court previously determined that the petition in this case was filed to hinder and delay the Debtor's mortgage creditor. Despite this finding, the Court gave the Debtor an opportunity to propose a feasible plan of reorganization that could be approved by his creditors. His attempts to do so have failed.

Based on a review of the bankruptcies filed by the Debtor, the pleadings filed in these cases, statements made by the Debtor in Court, and arguments of Counsel and for the reasons stated herein, the Court finds the Amended Disclosure Statement fails to provide adequate information to creditors pursuant to 11 U.S.C. § 1125 and therefore cannot be approved. The Court also finds the Debtor has failed to demonstrate any ability to fund a feasible plan; therefore, this case shall be dismissed.

The Court will enter a separate Order consistent with the findings and conclusions contained in this Memorandum Opinion.

Date: Jan 29 2019

/s/ Klinette Kindred
Klinette H. Kindred
United States Bankruptcy Judge

Entered on Docket: Jan 29 2019